UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY O'DELL DERRICK,

    Plaintiff,

v.

CORRECT CARE SOLUTIONS, JILL WARREN, and TAMARA SMITH,

    Defendants.

Case No. 3:19-cv-13105
District Judge Robert H. Cleland
Magistrate Judge Kimberly G. Altman

_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL (ECF Nos. 35, 37), DENYING PLAINTIFF'S MOTION FOR MONEY JUDGMENT (ECF No. 37), AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (ECF No. 38)**

I.

This is a civil rights case under 42 U.S.C. § 1983. On October 23, 2019, plaintiff Cory O'dell Derrick, a pretrial detainee proceeding *pro se*, filed a complaint alleging that defendants violated his constitutional rights. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 41). Before the Court are Derrick's two motions requesting the appointment of counsel, one of which is also styled as a motion for "money judgment as a matter of law." (ECF Nos. 35, 37). Defendants have moved to

strike the latter motion. (ECF No. 38). For the reasons which follow, Derrick's motions are denied, and defendants' motion to strike will be denied as moot.[1]

## II.

In his first motion requesting the appointment of counsel, Derrick alleges an inability to pick up the phone and limited access to a law library due to his confinement in punitive segregation. In addition, he stresses the importance of taking depositions and obtaining medical records. In his second motion, he reiterates his limited law library access due to his punitive segregation. He also moves for "money judgment as a matter of law," citing a lack of chronic care treatment for his neuropathy; denial of his requests for an ultrasound, MRI, and CAT scan to confirm that he did not have a blood clot; the failure of defendants to clean his C-PAP machine; a medical shoe that increased his pain; and denial of his request for a shower chair.

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the

---

[1] The Court recognizes that the second page of Derrick's first motion for the appointment of counsel contains his brief in support of his response to defendants' motion for summary judgment. The Court will still consider Derrick's filing for that purpose.

plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted).

Having reviewed Derrick's filings, and considering the relevant factors, the Court finds that he has not shown exceptional circumstances meriting the appointment of counsel. The importance of conducting depositions and obtaining medical records is not unique to this matter, and the barriers Derrick faces in litigating his case do not rise above those of the average prisoner or pretrial detainee. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation). Derrick has not alleged that the factual or legal issues in this matter are unduly complex, nor do they appear to be to this court. Thus, Derrick's request for counsel is denied. Should Derrick's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.

As to Derrick's motion for a "money judgment," under no Federal Rule of Civil Procedure has he provided factual evidence or a legal basis on which to sustain judgment in his favor at this time. Rule 56(c) requires that a movant support his or her motion for judgment by citing to the record, which Derrick has

not done.  And if interpreted as a Rule 12(c) motion for judgment on the pleadings, such relief is precluded by the Prison Litigation Reform Act (PLRA), specifically 42 U.S.C. § 1997e(g), which allows defendants in such cases to waive their reply, as defendants have here.  With no reply, there can be no judgment on the pleadings.  *See Edwards v. Jenkins*, No. 12-10312, 2013 WL 8366052, at *1 (E.D. Mich. Nov. 21, 2013), *report and recommendation adopted,* No. 12-10312, 2014 WL 1746123 (E.D. Mich. Apr. 30, 2014).  The PLRA also makes clear that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g).

III.

Accordingly, Derrick's motions for the appointment of counsel and his motion for "money judgment" (ECF Nos. 35, 37) are DENIED.  Based on this determination, Defendants' motion to strike Derrick's second motion for the appointment of counsel and for "money judgment," is DENIED AS MOOT.

**SO ORDERED.**

Dated: October 27, 2020  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 27, 2020.

                                                                       s/Marie E. Verlinde
                                                                       MARIE E. VERLINDE
                                                                       Case Manager